OPINION OF THE COURT
Anthony J. Mercorella, J.
This motion made to vacate an order and judgment of this court or in the alternative, modifying said order and judgment by substituting the Commissioner of Social Services of the City of New York in place and stead of the conservator Whitney North Seymour, Jr., Esq., and to enjoin the Commissioner of Social Services in its use of articles 77 and 78 of the Mental Hygiene Law in contravention of section 473 of the Social Services Law is disposed of as follows:
In an order and judgment of this court dated July 24, 1981, Whitney North Seymour, Jr., was appointed conservator of the property of Mrs. Phyllis Kaufman, conserva *1079 tee. The Department of Social Services brought the petition to appoint a committee of the person and property of Mrs. Phyllis Kaufman on the grounds she was no longer able to care for herself.
Upon a hearing of the proceedings, the application was granted to the extent of appointing a conservator. The judgment was signed by this court appointing Whitney North Seymour, Jr., Esq., conservator as designated by Mr. Justice Allen Murray Meyers. Evidently, Whitney North Seymour, Jr., accepted his appointment and filed the necessary documents.
In support of his application, Whitney North Seymour, Jr., contends that the order and judgment is unlawful because section 473 of the Social Services Law provides commitment, or conservatorship shall be provided “either directly or through referral to another appropriate agency”, and instead the Department of Social Services of the City of New York through its Deputy Commissioner, Joseph M. Armstrong, petitioned and obtained a judgment appointing an unrelated third party as conservator with no qualifications to supply the protective services called for under the statute, and has abandoned all responsibility for any further provision of such services.
Furthermore movant contends that the alleged incompetent had no property within the State.
Moreover he alleges that various statutory requirements of the Mental Hygiene Law were not followed in the petition and the judgment appointing the conservator.
Further, movant claims the judgment herein was against public policy and is not in the best interest of the alleged incompetent.
The Department of Social Services of the City of New York in response to the application states that although they do not oppose the court permitting the conservator to resign pursuant to section 77.37 of the Mental Hygiene Law, it does oppose the request for injunctive relief for various reasons: one of these being, there is no factual basis for the granting of this injunctive relief.
Upon the court’s, review of the papers herein and the prior application for the appointment of a committee, the *1080 court does not perceive that the judgment was unlawful, nor against public policy.
Section 473 of the Social Services Law establishes the protection services to be provided by the Department of Social Services. One such service is found in section 473 (subd 1, par [c]), which is the: “arranging, when necessary, for commitment, guardianship, conservatorship or other protective placement of such individuals either directly or through referral to another appropriate agency”.
Therefore the initial petition brought by said Department of Social Services was indeed within its province and properly entertained by this court.
Section 77.01 of the Mental Hygiene Law mentions the need for a conservator for a person who has not been “judicially declared incompetent and who by reason of advanced age, illness, infirmity, mental weakness, intemperance, addiction to drugs, or other cause, has suffered substantial impairment of his ability to care for his property”. It would appear that the word property includes income as well as any assets in addition to this income, accordingly, if there are no assets but only income, albeit Social Security payments, this is still property of such alleged incompetent to be managed pursuant to the provisions of this article of the Mental Hygiene Law.
Since the court in the initial proceeding determined the need for a conservator and there was no relation or friend which could possibly be appointed a conservator, the court, pursuant to rule 660.24 of the Rules of the Supreme Court, Bronx and New York Counties (22 NYCRR 660.24) sought the name of an independent party. Upon following the procedures herein mentioned, the name of movant was designated to this court for such appointment as conservator. Movant at that time did not refuse the appointment but undertook the role and gave his consent by qualifying.
Furthermore, the court finds movant’s contentions of the defect in the petition and order without merit since the plan was put on the record at the hearing of the conservatorship proceeding which would have seemed to cure any alleged defect.
Moreover, movant’s arguments that the judgment was contrary to public policy is also deemed to be without merit *1081 since the mere appointment of a conservator does not relieve the Department of Social Services from any mandated responsibilities.
In any event, the entire proceeding is in the best interest of the alleged incompetent since Mrs. Phyllis Kaufman was to receive the benefit of the services of both a conservator and the Department of Social Services if necessary.
Accordingly, the court finds that the judgment herein is lawful. However, in the interest of justice the conservator shall be permitted to resign.
Section 77.37 of the Mental Hygiene Law allows the resignation of a conservator without any guidelines or limitations other than apparently the court’s own good judgment and discretion. Since in this case Whitney North Seymour, Jr., has apprehension in serving this ward he would not be able to do the best job possible.
While the court very well could appoint a substitute conservator it is of the opinion in this case that the Department of Social Services or its representative would be the best conservator. Contrary to the Department of Social Services protestations there appears to be no prohibition in the Social Services Law against its serving as a conservator.
Furthermore the regulations of the Department of Social Services for the State of New York found in 18 NYCRR 457.1 (c) (9) and 457.6 (c) permit the Department of Social Services for the City of New York to serve as conservator. The claim of the Department of Social Services for the City of New York of conflict of interest appears more illusory than real. For it is inconceivable that a government agency would not act in the best interest of the people entrusted to it.